## CIRCUIT COURT OF THE CITY OF SALEM

Nell Gardner

v.

Sovran Bank et al.

April 20, 1989

Case No. CH88000134

By JUDGE KENNETH E. TRABUE

I have reviewed the pleadings and memorandum of authority submitted by counsel for the parties, and I find that the plaintiff's motion for summary judgment should be granted.

The trust is not challenged as invalid. The trust was revocable; the transfer of assets to the trustee was revocable; the trust by its own terms recognized the wife's right to renounce and receive her widow rights; and I hold that the trust is a testamentary disposition of property and is subject to the claims of plaintiff's widow's rights.

I think that the rule of law is clearly announced in *Gentry v. Bailey*, 42 Va. (6 Gratt.) 594 (1850) at 603. In speaking of the widow's rights to reject provisions of a will in relation to herself and to take a statutory distributive share in the estate, Justice Baldwin said:

> These enactments impliedly recognizes the power of the husband, which he had, according to the modern common law, to alienate by sale or gift in his lifetime, the whole or any part of his personal estate, and thereby exclude his wife from any interest therein. But they depart from the English law in respect to the husband's disposition by will of his goods and chattels,

which by that law is effectual against his wife, who can claim no part of what is so bequeathed; and the effect of them is to secure to the wife her distributive share of whatever personal property belongs to the husband at the time of his death, whether he dies testate or intestate.

This right, by our law, on the part of the wife, I think it clear the husband cannot defeat by any contrivance for that purpose: He cannot, by any device, die testate or intestate in regard to his personal estate, in such wise as to bar her distributive share. *Whatever may be the form of the transaction, if the substance of it be a testamentary disposition by the husband of his property, it cannot be effectual in relation to the wife. If this were otherwise, the statue might be rendered a dead letter at the volition of the husband.*

*It follows, that where a husband by a voluntary deed of gift of personals, in whatever form made, retains to himself the possession and enjoyment of the property during his life, and making the gift effectual only from the time of his death, reserves on his own part an absolute and complete power of revoking the same; such an instrument, so far as regards the distributive share of the wife, is in its nature testamentary only, and cannot affect the rights conferred upon her by law in contemplation of his dying either testate or intestate. In such a case, the dominion of the husband over the subject continues unlimited, and the question is not varied by the circumstance that the gift takes effect by his failing to exercise the power of revocation, for that is incidental to every testamentary disposition of property.*

*On the other hand, where the deed of gift of the husband is in its essence absolute and irrevocable, so as to separate a portion of his personal property, or its value from the rest of his estate, and divest him of his dominion over it, the circumstance that the gift is to*

*become effectual during his life, or after his death, is immaterial; for, as the law confers upon him the power to alienate his whole ownership of the property, so he is not restrained from giving away a part of that ownership, whether the gift is to take effect before his death, or from that period.* (Emphases added.)

Likewise, in *Bickers v. National Bank*, 197 Va. 145 (1955), at 150, it is acknowledged that the issue of revocability is strongly intimated in *Gentry*. In *Freed v. Judith Realty Corp.*, 201 Va. 791 (1960), the rule was again recited as stated in *Gentry* and in *Lightfoot v. Colgin*, 19 Va. (5 Munf.) 42 (1816):

[T]hat a married man enjoyed during his lifetime the unqualified privilege to dispose of his personal estate, whatever be his purpose in doing so, provided that he so dispossess himself of it as to put it beyond his power to reclaim.

Thus, the rule is clear. The inquiry is whether the settlor reserves no power to revoke or modify the trust (if so, the trust is not testamentary) or whether the settlor has the right to exercise dominion and control over the trust and his assets up to the moment of death (in which case the trust is testamentary).

In my opinion, it matters not that Mr. Gardner transferred the assets to the trustee during his lifetime and thereafter neither revoked the trust nor revoked the transfer.

The fact is that by his own trust agreements he reserved the right to do so until the moment prior to his death.